STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-99-291

DONALD M. &
JACQUELINE L. MERCIER,

Plaintiffs

v.

KATHY TAYMAN,
DIANE MATHIEU &
BAUER REALTY, INC. d/b/a
or a/k/a CENTURY 21 FIRST
REALTY,

Defendants

ORDER

DONALD L. GARBRECHT
LAW LIBRARY

NOV 21 2002

Before this court is Diane Mathieu, Kathy Tayman and Bauer Realty, Inc.

(Defendants)' combined motion for summary judgment pursuant to M.R.Civ.P.

56(c) as well as on other procedural grounds.[1]

## FACTS

Bauer Realty, Inc., a real estate firm, listed for sale a house at 225 Stevens

Avenue in Portland, Maine (house). Diane Mathieu, who worked for Bauer

Realty, Inc. was the original listing broker for the house. On October 16, 1997,

---

[1] For example, the Defendants point out that the Plaintiffs' Objection to the Defendants' Motion for Summary Judgment was filed four days after the 21-day deadline set forth in M.R.Civ.P. 7(c)(2), arguing that under M.R.Civ.P. 7(c)(3) the Plaintiffs have waived all objections to the their motion. The Plaintiffs counter-argue that under M.R.Civ.P. 6(c) they have an additional three days to reply to the summary judgment motion because it was mailed to them. In addition, because the twenty-fourth day fell on a Sunday, under M.R.Civ.P. 6(a) the Plaintiffs could wait until the following Monday to file, which they did. However, one court has ruled "that [current M.R.Civ.P. 6(c)], which addresses the service of papers cannot be applied to the 21-day time period in Rule 7(c)(2) which affects the filing, as opposed to the service, of an opposition to a motion." Fleet Bank of Maine v. Dumont, CV-92-109 (Me. Super. Ct., Ken. Cty., June 22, 2000) (Atwood, J.). For reasons stated in the body of this Order summary judgment is appropriate.

Donald M. Mercier met with Mary Oliver, a real estate broker not affiliated with Bauer Realty, Inc., to view the house. At the time Mr. Mercier was employed as the Housing and Energy Coordinator for the People's Regional Opportunity Program (PROP). Mr. Mercier went to the house to see if it was a suitable purchase for PROP, which purchased and rehabilitated homes and then resold them to qualified low-income buyers. When Mr. Mercier toured the house, Kathy Tayman, another broker working for Bauer Realty, Inc., had taken over the listing. None of the brokers had actually gone into the house's crawl space beneath the house. However, prior to October 16, 1997, Ms. Tayman had observed between 10 and 15 potential buyers go down into the crawl space. Ms. Mathieu had also requested that her husband climb into the crawl space to explain what was there. None of these people had been injured using the ladder.

While touring the house with Ms. Oliver, Mr. Mercier decided to inspect the crawl space. Unbeknownst to either Ms. Oliver or Mr. Mercier the wooden ladder going down into the crawl space was defective. Mr. Mercier stepped on the first rung of the ladder, which broke, causing him to fall onto the floor below seriously injuring his shoulder.

Mr. Mercier and his wife (Plaintiffs) brought suit against Bauer Realty, Inc. and its associated brokers, alleging various theories of negligence and respondeat superior as well as loss of consortium.

## DISCUSSION

The Law Court has stated that it no longer regards summary judgment as an extreme remedy. Curtis v. Porter, 2001 ME 158, ¶7, 784 A.2d 18, 21. This court will view the evidence in a light most favorable to the Plaintiffs when it looks at the record to see if it supports a determination that there is no genuine

2

issue of material fact and that the Defendants are entitled to a judgment as a matter of law. *See id.* ¶6. Moreover, "[w]hen facts or reasonable inferences are in dispute on a material point, summary judgment may not be entered." *Id.* ¶9.

The Plaintiffs have the burden of establishing a prima facie case for each element of a cause of action. *See id.* ¶8. An action in negligence consists of four elements: (1) a duty of care owed to another party, (2) a breach of that duty, (3) damages suffered by the other party, (4) with the breach proximately causing the damages. *See* <u>Mastriano v. Blyer</u>, 2001 ME 134, ¶11, 779 A.2d 951, 954. It is a question of law if one party owes a duty of care to another. *Id.* In the present case, the parties do not dispute that when Mr. Mercier stepped on the wooden ladder going down into the crawl space a rung gave way, causing him to fall onto the floor below. This fall was the proximate cause of his injuries, which led to such serious neuralgic damage that his arm had to be amputated at the shoulder.

The issue is whether a real estate broker has a duty to inspect an area such as the crawl space of a residential home that he or she is showing to a potential buyer. The Law Court has not addressed this issue directly but in the case of real estate agents has declined "to find a common law duty to disclose environmental hazards in the neighborhood," going on to note that "[t]he Legislature has spoken in this area and an expansion of the duty of real estate agents should be addressed to that body." <u>Kezer v. Mark Stimson Assocs.</u>, 1999 ME 184, ¶15, 742 A.2d 898, 903. In fact, the Legislature has spoken about the duty a real estate agent has to a buyer:

> A real estate brokerage agency engaged by a seller shall treat all prospective buyers honestly and may not knowingly give false information and shall disclose in a timely manner to a prospective

buyer all material defects pertaining to the physical condition of the property of which the real estate brokerage agency knew or, acting in a reasonable manner, should have known . . . . A real estate brokerage agency is not obligated to discover latent defects in the property.

32 M.R.S.A. § 13273(2)(A) (2002).

The statute above imposes no duty to inspect a crawl space and specifically does not impose a duty to discover latent defects. In addition, the Maine Real Estate Commission's rule regarding insulation disclosure does not create a duty to inspect crawl spaces because it only requires a real estate broker to make a reasonable effort to visually inspect a crawl space to identify the type and location of insulation. Maine Real Estate Comm. Rule 02-039 Ch.330 §17 (2002).[2] Hence, under common law or statutory law, Bauer Realty, Inc. and its agents did not have a duty to discover that the wooden ladder going down into the crawl space of the house was defective.

Nevertheless, Ms. Mathieu's had sent her husband into the crawl space to inspect it on her behalf. If the husband saw that the ladder was obviously defective then Ms. Mathieu would have been under a duty to make sure that this defect was disclosed to prospective buyers. Ignoring obvious dangers would breach the duty of reasonable care to a buyer. *See* 32 M.R.S.A. § 13272 (2002). The Statements of Material Fact show that an expert witness for the Plaintiff had determined that the ladder going into the crawl space was defective in part because the wooden side rails were rotted, which weakened the structural integrity of the ladder. The expert witness also stated that the rot in the ladder could have been detected by a visual inspection, but that the rot would not be

---

[2] As of Nov. 1, 2002, this section has been replaced with a section entitled "Heating Disclosure".

readily apparent to a person going up and down the ladder. The record does not show that Ms. Mathieu's husband actually knew about the ladder's condition or that he should have known about it. The ladder did not break when Ms. Mathieu's husband used it and the defects complained of are of a latent rather than a patent nature. Furthermore, for reasons stated above, the Defendants or their agents did not have an affirmative duty to search for latent defects in crawl spaces. Hence, under principles of agency law, liability cannot be imputed to the Defendants by way of the actions or non-actions of Ms. Mathieu's husband.

WHEREFORE this court will **GRANT** the Defendants' Motion for Summary Judgment.

Dated: November 13, 2002

G. Arthur Brennan
Justice, Superior Court

PLAINTIFFS:
Scott D. Garadner, Esq.
Thomas A. Welch, Esq.
HOBBINS GARDNER
110 MAIN ST SUITE 1508
SACO ME   04072-3500

DEFENDANT: DIANE MATHIEU
H. Peter DelBianco, Jr., Esq.
LAMBERT COFFIN
PO BOX 15215
PORTLAND ME   04101-5215

DEFENDANT: KATHY TAYMAN
James M. Bowie, Esq.
THOMPSON & BOWIE
PO BOX 4630
PORTLAND ME   04112-4630

DEFENDANT: BAUER REALTY INC.
Martha Gaythwaite, Esq.
FRIEDMAN GAYTHWAITE WOLF & LEAVITT
PO BOX 4726
PORTLAND ME   04112-4726